*502 MEMORANDUM **
Sergio Orlando Curin-Franco, native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Cruz-Navarro v. INS, 232 F.3d 1024, 1028 (9th Cir.2000), and we deny the petition for review.
The record does not compel the conclusion that the changed circumstances or extraordinary circumstances exceptions excused the untimely filing of Curin-Fran-co’s asylum application. See 8 C.F.R. §§ 1208.4(a)(4), (5); Ramadan v. Gonzales, 479 F.3d 646, 648, 657-58 (9th Cir.2007) (per curiam).
Even if Curin-Franco’s testimony were credible, substantial evidence supports the BIA’s denial of withholding of removal because Curin-Franco failed to establish that the guerillas threatened him on account of an imputed political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 481-82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Moreover, the record does not support Curin-Franco’s contention that he was threatened on account of an actual political opinion. See Cruz-Navarro, 232 F.3d at 1030. Substantial evidence also supports the BIA’s finding that the threats Curin-Fran-co received in Guatemala did not rise to the level of persecution because unfulfilled threats alone generally do not constitute past persecution. See Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000); see also Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995) (declining to remand where the BIA provided an adequate statement of the reasons for its decision denying relief). Lastly, Curin-Franco’s withholding of removal claim also fails because neither his testimony nor the documentary evidence compel a finding of a clear probability of persecution. See Lim, 224 F.3d at 938.
Curin-Franco does not raise any arguments in his opening brief regarding the BIA’s denial of CAT relief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (“Issues raised in a brief that are not supported by argument are deemed abandoned.”).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.